UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUNIOR BEAUBRUM,

    Plaintiff,

vs.                            Case No. 2:05-cv-450-FtM-29SPC

SGT. S. WINDLAND,

    Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court upon Defendant Windland's Motion to Dismiss (Doc. #15) filed January 15, 2006. Plaintiff filed a response to Defendant's Motion (Doc. #16) on January 13, 2006. This matter is now ripe for review.

**I.**

Plaintiff, an inmate incarcerated within the Florida penal system proceeding *pro se,* filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint" Doc. #1). Plaintiff alleges that he received a false disciplinary report for refusing to obey an order on June 27, 2005. In particular, Plaintiff claims that Defendant Windland wrote a disciplinary report against him as punishment because Plaintiff refused to enter his cell and instead asked Defendant Windland for protection from his cell mate, who allegedly is HIV positive and had threatened to bite Plaintiff

after he returned back to the cell. Plaintiff seeks the expungement of the disciplinary report as relief. Plaintiff attaches copies of grievance forms to his Complaint, which evidence that the disciplinary have not been reversed or overturned. It is unclear whether Plaintiff forfeited any gain time as a result of the disciplinary action.

Defendant seeks dismissal of Plaintiff's Complaint on the grounds that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**II**.

In deciding a motion to dismiss, the Court must accept well pleaded factual allegations in a complaint as true and take them in the light most favorable to plaintiffs. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Gonzalez v. Reno, 325 F.3d 1228 (11th Cir. 2003). A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc). To satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). Because Plaintiff is proceeding *pro se*,

his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

However, the Eleventh Circuit imposes "heightened pleading requirements" for § 1983 cases which involve individuals entitled to assert qualified immunity. Swann v. Southern Health Partners, Inc., 388 F.3d 834 (11th Cir. 2004), citing Leatherman v. Tarrant County, 507 U.S. 163 (1993). The heightened pleading standard is not otherwise applicable.

### III.

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by, Daniels v. Williams, 474 U.S. 327 (1986); Burch v. Apalachee Community Mental Health Services, Inc., 840 F.2d 797, 800 (11th Cir. 1988), aff'd by, Zinermon v. Burch, 494 U.S. 113 (1990).

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir.), reh'g and suggestion for reh'g en banc denied, 98 F.3d 1355 (11th Cir. 1996); Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Liberally construing Plaintiff's Complaint, it appears that Plaintiff claims that Defendant retaliated against Plaintiff and subjected Plaintiff to an illegal disciplinary action.

**IV.**

Assuming for purposes of review of the Complaint that Plaintiff could prove that Defendant Windland retaliated against him, Plaintiff's Complaint must nonetheless be dismissed for failure to state a claim. A claim challenging unlawful conduct leading to an unconstitutional conviction, including administrative action while in prison, cannot proceed unless the plaintiff shows that the challenged conviction was reversed, expunged or otherwise invalidated as required by the Heck standard:

> We hold that, in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (emphasis original). The Supreme Court has applied the Heck analysis to actions brought by prisoners who are challenging disciplinary action. Edwards v. Balisok, 520 U.S. 641, 643-649 (1997).

Here, Plaintiff's claim that Defendant Windland retaliated against him for refusing to enter his cell and instead seeking

protective custody, if proven, would necessarily imply the invalidity of the subject disciplinary action. Since Plaintiff has not alleged that the disciplinary report was not expunged, reversed or invalidated, and in fact has presented evidence to the contrary, Plaintiff cannot state a cause of action to sustain a §1983 action relating to his underlying criminal case consistent with Heck. *Cf*. Muhammad v. Close, 540 U.S. 749, 754-55 (2004) (holding that plaintiff's §1983 challenge of state prison disciplinary hearing not barred by Heck because it was not "construed as seeking a judgment at odds with his conviction").

Additionally, to the extent that Plaintiff forfeited gain time as a result of the disciplinary hearing, Plaintiff's complaint presents a habeas corpus claim rather than a civil rights claim. Preiser v. Rodriguez, 411 U.S. 475 (1973). Plaintiff, however, must first exhaust his state court remedies with respect to any habeas claim prior to filing a petition in this Court.

Consequently, the Court, concludes that no relief could be granted against the Defendant under any set of facts that could be proved consistent with the allegations in Plaintiff's § 1983 Complaint. Thus, for the reasons stated above, Plaintiff's claim is premature and consequently, this case will be dismissed.

ACCORDINGLY, it is hereby

**ORDERED:**

1.   Defendant Windland's Motion to Dismiss (Doc. #15) is **GRANTED** and Plaintiff's complaint is dismissed without prejudice.

2.   The **Clerk of Court** shall enter judgment accordingly; terminate any pending motions; and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __17th__ day of May, 2006.

_____
JOHN E. STEELE
United States District Judge


SA:  hmk
Copies: All Parties of Record